**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **GINGER POON,** | § | |
| | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **VS.** | § | **1:21-CV-0569-RP** |
| | § | |
| | § | |
| **VISA U.S.A. INC.** | § | |
| | § | |
| | § | |
| **DEFENDANT.** | § | |

## DEFENDANT'S MOTION TO ENFORCE COURT ORDER AND FOR SANCTIONS

**I.**
**Introduction**

Plaintiff Ginger Poon ("Plaintiff" or "Poon") chose to initiate this lawsuit, and yet since

doing so she has repeatedly stonewalled the discovery process, depriving Defendant Visa U.S.A.

Inc. ("Visa" or "Defendant") of its opportunity to defend itself against her claims. Consistent with

her history of abject noncompliance with the Federal Rules of Civil Procedure, after:

- failing to provide *any* responses whatsoever to Visa's Interrogatories and Requests for Production propounded on Plaintiff on September 30, 2002, for nearly three months past the original November 1, 2022, due date;

- forcing Visa to move this Court to compel her compliance with the most basic of discovery obligations on December 14, 2022;

- being sanctioned by this Court on January 17, 2023, for her obvious failure to comply with her discovery obligations and ordering her to fully respond to Visa's interrogatories and requests for production within seven days of the Court's order without objection and under threat of sanctions up to and including dismissal of her case;

- producing a woefully inadequate set of responses and objections to Visa's discovery in the late hours of January 24, 2023, just ahead of the Court's deadline (which only barely answered two of the thirteen interrogatories and none of the twelve requests for production); and

- ■ promising under oath in her January 27, 2023, deposition that she could provide more complete answers to Visa's discovery, as required by the Court order, on or before Monday, February 6th, or 13th, at the latest, and failing to fulfill that promise on either date:

*Ginger Poon has wholly failed to comply with an order compelling her responses to Visa's Interrogatories and RFPs and, as such, should be subjected to one or more of the appropriate sanctions contemplated by Magistrate Lane's Order.*

## II.
## Evidence

Visa attaches and incorporates the following evidence by reference:

**Ex. A.**     Visa's First Set of Discovery Requests to Plaintiff (9/30/2022)

**Ex. B.**     Plaintiff's Responses to Visa's Discovery Requests (1/24/2023)

**Ex. C.**     Document Combining Visa's Interrogatories and Poon's Responses (undated)

**Ex. D.**     Deposition Excerpts of Plaintiff Ginger Poon (1/27/2023)

**Ex. E.**     Emails between Plaintiff Ginger Poon and Counsel for Visa (various dates)

## III.
## Arguments and Authorities

**A.     Relevant Procedural History[1]**

1.     <u>Visa Filed a Motion when Plaintiff Refused to Respond to its Discovery</u>

Visa served Plaintiff with its First Set of Discovery Requests on September 30, 2022. *See* Ex. A. After Plaintiff knowingly failed to deliver any responses and provided Visa's counsel with a litany of excuses, Visa was left with no recourse but to file a motion to compel her compliance on December 14, 2022. Dkt. 58.

---

[1] Rather than rehashing Plaintiff's extensive discovery abuses in gory detail, Visa instead refers this Court to its Motion to Compel, which it incorporates by reference, Dkt. 58, and Magistrate Lane's Order sanctioning Plaintiff's conduct, Dkt. 63.

2.      Plaintiff Sanctioned by Magistrate Lane

On January 17, 2023, Magistrate Lane entered an Order sanctioning Plaintiff, deeming her answers to admissions as admitted, compelling her to respond to the interrogatories and requests for production within seven days of the Order, and deferring a ruling regarding monetary sanctions. Dkt. 63. The Court warned Plaintiff that the failure to abide by its Order "may result in the application of any, or all, of the sanctions described" earlier in the Order. *See* Dkt. 63 at 4-5.

3.      Plaintiff's "Responses" to Visa's Discovery

Late in the evening of January 24, 2023, Plaintiff produced a seven single-spaced pages of a meandering word salad proposing to be an answer to Interrogatory No. 1 (which, despite its length, failed to provide Visa with any meaningful information about Plaintiff's claims (the "Responses")). *See* Ex. B & C.[2] With limited exceptions, the subsequent interrogatory "responses" either refer back to her rambling answer to Interrogatory No. 1 or object as "irrelevant" despite the Court's prior express holding that Plaintiff had waived *all* objections. *See* Ex. C.

Of the thirteen interrogatories, Plaintiff provided something that can at best be described as an "answer" to three of them (1, 3, and 13); objected without providing a substantive answer to three of them (2, 8, 9); and referred back to her response to Interrogatory No. 1 on the other six (4-7, 10 & 12). *See* Ex. C. For Interrogatory 11 seeking full and specific information about her damages claim, Plaintiff responded, "Financial Damage and punitive award" and referred back to her response to Interrogatory No. 3. *See* Ex. C.

---

[2] For clarity and ease of review, Visa has created a single document combining its interrogatories and requests for production with Plaintiff's responses thereto (such as they are) as Exhibit C. Plaintiff's responses are numbered but do not include the text of the interrogatory or request for production it was intended to address, so they are difficult to review in context. The original requests and responses are included as Exhibits A and B, respectively, should the Court wish to view the source material. Visa will refer to Poon's responses as "Ex. C" throughout the remainder of this brief.

And as for documents, Plaintiff's responses suggest she *never* had a *single* discoverable document in her possession, custody, or control relating to any aspect of her claim before Visa began producing documents to her in this case, as her answers claim that every document produced to her by Visa (and only these documents) is responsive to ten of Visa's twelve document requests (1-2, 4-11). *See* Ex. C. Additionally, Plaintiff baselessly objected to RFP 3 as irrelevant and responded to RFP 12 by referring to her response to Interrogatory 3 regarding her calculation of damages rather than producing documents. *See* Ex. C.[3]

## B.    Authorities

Magistrate Lane laid out the law regarding the applicable Rules of Civil Procedure, and these Rules provide a clear roadmap for Plaintiff to navigate, particularly with respect to the simple task of knowing when documents and responses are due. *See* Dkt. 63 at 2-3. Additionally, Magistrate Lane noted that Rule 37(b)(2)(A)(i-iv) provides the following potential sanctions for a recalcitrant litigant's behavior in discovery:

(i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses or from introducing designated matters in evidence;

(iii)   striking pleadings in whole or in part;

(iv)    staying further proceedings until the order is obeyed;

(v)     dismissing the action or proceeding in whole or in part;

(vi)    rendering a default judgment against the disobedient party; or

(vii)   treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Dkt. 63 at 4.

---

[3] Visa has also prepared a chart summarizing Plaintiff's approach to its interrogatories and requests for production and has attached it as Exhibit F.

**C.      Arguments**

1.      <u>Plaintiff's Interrogatories Remain Entirely Unanswered</u>

Despite Magistrate Lane's ruling that she waived all objections (a clear, black letter consequence for her failure to timely deliver any response whatsoever to the interrogatories), Plaintiff nonetheless saw fit to object to Interrogatories 2, 8, & 9 and RFP 3, and as of this filing has provided no supplement to this patently deficient response. *See* Ex. C. Plaintiff was informed of these deficiencies during her deposition and promised to deliver them on or before February 6 (or possibly February 13), but to date has done nothing to cure the issues (other than file a baseless motion this Court denied *sua sponte* on the morning Visa's Response was due). *See* Ex. D at 185-87.

And despite Magistrate Lane's ruling on January 17 threatening Plaintiff with "a myriad of sanctions described above" ordering her to respond to Visa's First Set of Discovery Requests, Plaintiff made no attempt to individually respond to any of Visa's interrogatories, including Interrogatory 1 (which, while voluminous, . For those Plaintiff wished to create the illusion of a substantive response, she simply referred back to her unintelligible response to Interrogatory 1 as her response to interrogatories 4-7, 10 and 12 (*see* Ex. C), but this is not what the Rules or Magistrate Lane's Order demanded of Plaintiff. It is clear that Poon did less than the bare minimum to comply with these interrogatories and requests for production.

For Interrogatory 3, Plaintiff did provide damages numbers, but during questioning in her deposition it is clear she failed to include any information whatsoever regarding the salary of her current employer (Oracle) which she was initially reticent to share. *See* Ex. D at 133. She further admitted that the claimed $50,000 in "COBRA" expenses was not any expense she ever incurred after her termination from Visa. *See* Ex. D at 187-90. In any event, the answer to Interrogatory 3

remains obviously incomplete and has not been supplemented despite Plaintiff's sworn promise to do so during her deposition. *See* Exs. C and D.

Plaintiff's only response to Interrogatory no. 11 was to say "financial damage and punitive award" and refer back to her response to Interrogatory no. 3. *See* Ex. C. As described above, Interrogatory 3 includes demonstrably false information and fails to provide any information about Plaintiff's current salary, which Visa is entitled to know. And the statement "financial damage and punitive award" is a non-answer to an interrogatory asking Poon to "[d]escribe fully and specifically all damages you are seeking in this lawsuit, including every category of damages, the specific amount sought for each category, and your method for calculating the damages." *See* Ex. C.

      2.   <u>Plaintiff has Refused to Produce a Single Document</u>

Plaintiff has produced zero documents—zero documents reflecting protected conduct by Poon; zero spreadsheets; zero emails; zero W-2s; zero information about her damages. And in response to RFP 12, Plaintiff refers back to her response to Interrogatory 3, which, as noted above, is deficient, deceptive, and woefully inadequate *even if it was legitimate to refer a party to one's interrogatories in response to a request for production* (which, of course, it isn't).

      3.   <u>Appropriate Outcomes</u>

Plaintiff's attempt to wish away her obligation to review Visa's requests, locate responsive documents, and produce them to Visa (in the lawsuit she initiated) demonstrates the challenge Plaintiff presents: having no apparent desire whatsoever to understand what the Federal Rules or this Court's Order might require of her, Plaintiff instead makes up her own rules, follows them closely and tightly, and appears to imagine that this Court will somehow see things her way (or, perhaps pity her for being a pro se litigant without counsel).

But Plaintiff's actions "reflect a persistent disregard of the responsibilities owed to the court and [her] opponents rather than mistake or inadvertence." *Murray v. Serena Software, Inc.*, 212 F. App'x 349, 351 (5th Cir. 2007). As a result of her misconduct, Visa was forced to take a deposition, file motion for sanctions, and now file yet another motion to impress upon Plaintiff the seriousness of her abject failure to comply with the discovery rules in a proceeding she initiated with zero responsive documents and essentially no information regarding ten of Visa's thirteen outstanding interrogatories.[4] Ironically, meanwhile, Visa has bent over backwards to obtain, review, and produce a significant volume of documents and information based on murky and vague requests from Plaintiff.

Magistrate Lane's Order informed Plaintiff, in no uncertain terms, that the fate of her case depended on her compliance with his Order. Plaintiff spectacularly failed to comply. And after being given a chance to bridge the chasm between her current compliance and that called for by Magistrate Lane's Order, Plaintiff instead engaged in frivolity regarding the schedule of the case and found other priorities in her life to spend her time on. This Court has given Plaintiff every opportunity to comply with her obligations under the rules; instead, Plaintiff has clearly chosen not.

With full awareness of and appreciation for the gravity of its request, Visa asks this Court to impose the outcome-altering sanctions threatened in Magistrate Lane's January 17, 2023, Order

---

[4] Tellingly, in connection with Plaintiff's most recent attempt to avoid her discovery obligations through another pointless motion, she responded to undersigned counsel's email noting, "I don't understand how damaged gutters justify any extensions of time," on February 1, 2023, with the following statement:

> I need to spend time finding and figuring out how to get to a safe place in case my place becomes unsafe or power outage, etc, and then contractors to inspect, repair damages, trim and remove trees and filing with insurance, just like the other storm victims. *Lots of damage control work takes priority over this lawsuit.*

*See* Ex. E (emphasis added).

with respect to the items listed in Rule 37(b)(2)(A)(i-iv), to be determined in the Court's discretion. Furthermore, Visa re-urges its request for the imposition of monetary sanctions against Plaintiff for her conduct before Judge Lane's Order under Rule 37(d)(3), which Judge Lane took under advisement, as well as additional sanctions for Plaintiff's post-Order "intransigence, stonewalling, and cagey behavior." Dkt. 63 at p. 4.

Dated: February 22, 2023                    Respectfully submitted,


                                            /s/ Eric L. Vinson
                                            Eric L. Vinson
                                            State Bar No. 24003115
                                            Kelli C. Fuqua
                                            State Bar No. 24097713
                                            LITTLER MENDELSON, P.C.
                                            100 Congress Avenue, Suite 1400
                                            Austin, Texas 78701
                                            512.982.7250 (Telephone)
                                            512.982.7248 (Facsimile)
                                            evinson@littler.com
                                            kfuqua@littler.com

                                            ATTORNEYS FOR DEFENDANT
                                            VISA U.S.A., INC.

## CERTIFICATE OF SERVICE

On the 22nd day of February, 2023, I electronically submitted the foregoing document with the Clerk of the Court using the Electronic Case Filing system of the Court. I also certify that I have served all parties of record via e-mail as follows:

Ginger Poon, **Pro Se**
7717 Yaupon Dr.
Austin, Texas 78759
rollinghills89@gmail.com

*/s/ Eric L. Vinson*
Eric L. Vinson
Kelli C. Fuqua